United States District Court     Southern District of Texas

United States District Court
Southern District of Texas
**ENTERED**
March 16, 2021
Nathan Ochsner, Clerk

| | |
|---|---|
| Willie Sanders, § § Plaintiff, § § *versus* § § Ditech Financial, LLC, *et al.*, § § Defendants. § | Civil Action H-18-4077 |

## Opinion on Dismissal

1.    *Background.*

On June 25, 1997, Lionel Gooden conveyed three acres in Wharton County, Texas, to Willie Sanders and his wife, Juanita Sanders.

On September 4, 1998, Willie and Juanita Sanders signed a retail installment contract and mechanic's lien with Jim Walter Homes – which Ditech Financial, LLC, and U.S. Bank, N.A., now owns – with power of sale over the property to secure the debt.

In October 2007, Juanita Sanders died, with her share of the property passing to Willie Sanders.

On August 22, 2018, Ditech demanded that the default to be cured.

On September 11, 2018, Ditech sent a notice of acceleration and of non-judicial foreclosure.

On October 1, 2018, Willie Sanders sued Ditech and U.S. Bank for: (a) fraud, (b) conversion, and (c) trespass to try title. Ditech and U.S. Bank have moved to dismiss for failing to state a claim. Ditech and U.S. Bank will prevail.

2.    *Fraud.*

To state a claim for fraud, Sanders must have adequately pleaded facts that: (a) Ditech made a false, material representation, (b) that was knowingly or

recklessly false, (c) Ditech intended to induce Sanders to act on that representation, (d) Sanders justifiably relied on the representation, and (e) Sanders was injured.[1] Sanders must comply with federal rule 9(b) by pleading with particularity the circumstances that constitute fraud.

Sanders says that a "Jim Walter Homes guy" told him that it was only going to survey the fenced one acre around where the house was to be built, and this acre of the three total acres would secure the loan. He alleges he relied on this statement. Sanders also says that Ditech "took advantage of [his] race, limited education, limited literary skills, and disadvantaged economic status to switch the [one acre] description for the [full three acre] legal description," and that he did not "have the reading skills to understand that the … contract was different."

Sanders has pleaded this claim with vague allegations and legal conclusions. He does not allege when the statement was made or where it was said. Merely referring to a "guy" to say who made the statement clearly cannot rise to the level of particularity required – the list of the potential people it could be is still vast.

Sanders seems to suggest it was fraudulent because he was incompetent and could not appreciate the written contract he signed. Even if the court were to credit this argument, Juanita Sanders also signed the loan documents. Her signature binds both of them just as his did. Willie Sanders has pleaded no facts to suggest that she was not skilled enough to read and understand it. Not bothering to read a document you signed and had in your possession since 1998 is inadequate to claim fraud.

Because Sanders has not pleaded adequate facts with particularity, his fraud claim fails.

---

[1] *Barrow-Shaver Resources Company v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 496 (Tex. 2019).

3. *Conversion.*

Under Texas law, conversion pertains to personalty, while converting real property is not a recognized cause of action.[2] The conversion claim fails.

4. *Trespass to Try Title.*

Because Sanders did not address his trespass to try title claim in his response to the motion to dismiss, he has abandoned it.

Had he not abandoned it, the claim was still empty. Because his fraud and conversion claims fail, Sanders has not undermined the validity of Ditech's foreclosure for Sanders's not paying the loan in time, so his trespass to try title claim also fails.[3]

5. *Conclusion.*

Willie Sanders will take nothing from Ditech Financial, LLC, and U.S. Bank, N.A.

Signed on March 16, 2021, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] *Lighthouse Church of Cloverleaf v. Texas Bank,* 889 s.w.2d 595, 599 (Tex. App.—Houston [14th Dist.] 1994).

[3] *Dick v. Colorado Housing Enterprises, L.L.C.,* 780 Fed. Appx. 121, 126 (5th Cir. 2019).